F I L E D
CLERK OF COURT

2026 JUN 23 PM 4: 45

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

SIX PAULIS,
DOB: 05/08/1999

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0513-23**
GPD Report No. 23-19112

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION**

This matter came before the Honorable Maria T. Cenzon on March 27, 2026, for a Revocation Hearing pursuant to the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence (the "Motion") filed on March 5, 2026. Defendant Six Paulis ("Defendant") was present with counsel Brycen Breazelle. Assistant Attorney General Valerie Nuesa was present for the People of Guam ("People") and argued the Motion. During the hearing, the Court heard the parties' arguments on the People's Motion. Following the hearing, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. Having duly considered the parties' briefings, oral arguments, and the applicable law, the Court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

## BACKGROUND

The Defendant was charged with Aggravated Assault (As a Second Degree Felony) and Aggravated Assault (As a Third Degree Felony) with a special allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony. *See* Indictment (Aug. 11, 2023). On October 13, 2023, the Defendant pled guilty to one count of Assault (As a Misdemeanor) as charged in the Information. *See* Judgment (Oct. 16, 2023). Per the Plea Agreement, the Defendant was sentenced to one year incarceration, all but time served suspended. *Id.* The suspension of his custodial sentence was contingent on the successful compliance with and completion of the terms of his two-year period of supervised probation. *Id.* The conditions of his probation included terms ordering him to stay away from and have no contact with the victim in this case, to report to Client Services and Family Counseling ("CSFC") for intake and processing and comply with any treatment programs they recommend, pay $80 in court costs, complete 250 hours of community service, and obey all laws of Guam, among other standard conditions. *Id.*

During the Defendant's probationary term, the Probation Services Division ("Probation") filed two violations against the Defendant. Probation also issued an Informational Report regarding a new arrest, which stated that the Defendant had been charged with Family Violence (As a Third Degree Felony) and Assault (As a Misdemeanor) in Superior Court of Guam case CF0948-25. *See* Informational Report (Dec. 30, 2025). Prior to that, on January 27, 2025, an Informational Report was submitted by Probation regarding Defendant's parole violations in previous cases CM0003-21 and CF0172-22 indicating that the Defendant has failed to report to Parole Services Division of the Department of Corrections and that he would be placed on a parole hold and confined until he is brought before the Parole Board. *Informational Report Re. Parole Case* (Jan. 27, 2025).

## A. Defendant Paulis's Violations on Traditional Probationary Supervision

For the first violation, the report indicated that the Defendant:

> Failed to report to the Probation Office upon his release from the Department of Corrections on July 3, 2024. Attempts to contact the defendant via phone [have] been unsuccessful. Attempts to locate the defendant at last known residence [were] unsuccessful.

1st Violation Report (Oct. 16, 2024). The Court issued a Warrant of Arrest on October 11, 2024, which was returned on January 21, 2025, *Return of Warrant* (Jan. 21, 2025). Defendant admitted to not checking into Probation as ordered but explained that he misunderstood the order. *Minutes of Hrg. on Return of Warrant of 1/24/2025* at 3;17:10 PM to 3:24:48 PM (Jan. 24, 2025). The Court sanctioned him for ten (10) days of commitment to the Department of Corrections, but suspended seven (7) days with a warning that if the Court had to issue another warrant for his failure to check in, he would, at a minimum, serve the remaining seven (7) days of the sanction. *Id.* The Defendant acknowledged the admonition and apologized to the Court. *Id.*

Despite the warning, a Second Violation was filed on September 2, 2025, for Defendant's failure to report to Probation after his release from DOC on July 2, 2025. The report indicated that the Defendant:

> Failed to report to the Probation Office upon release from the Department of Corrections on July 2, 2025. Attempts to contact and locate the defendant via phone and last known addresses on August 20, 2025 were unsuccessful.

*2nd Violation Report* (Sep. 8, 2025). Once again, the Court issued a Warrant of Arrest on the basis of the Second Violation, which was returned on December 29, 2025. *Return of Warrant* (Dec. 29, 2025). The Defendant was arrested by Guam Police Department on the Warrant, but also on new charges. *Id.* On January 5, 2026, Defendant admitted that he failed to check in to Probation as ordered, explaining that "I actually was a few minutes late and they were already closed." *Hrg. on Return of Warrant on 1/5/2026* at 9:47:23 AM to 9:53:58 AM (Jan. 5, 2026).

However, Defendant continued to fail to comply with conditions of his Probation. *Id.* Defendant's explanation failed to account for his continued failure to check in to Probation as ordered by this Court, and further, to complete his conditions of probation. Defendant remains confined at the Department of Corrections in this matter, and in a new case, Criminal Case No. CF0948-25.

Throughout the Defendant's term of probation, the Court has issued two warrants for his arrest.[1] Upon receipt of the most recent Informational Report on December 30, 2025, the Court issued a Penal Summons to Appear for Revocation Hearing. *See* Penal Summons (Feb. 18, 2026). In anticipation of the Revocation Hearing, the People filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"); and the Defendant filed his Opposition to the Motion to Revoke ("Opposition"). *See generally* Ppl.'s Mot. Revoke (Mar. 5, 2026); *see also* Def.'s Opp'n (Mar. 13, 2026).

At the Revocation Hearing, the Court heard from Probation and the parties on the issue of probation revocation. *See* Revocation Hr'g Mins. at 10:30:45–10:34:47 A.M. (Mar. 27, 2026). After hearing the parties' arguments, the Court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

---

[1] *See* Warrant of Arrest (Oct. 16, 2024); Warrant of Arrest (Sep. 8, 2025).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at ¶ 27 (quoting *Parker*, 676 N.E.2d at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

## A. Defendant Paulis violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant had accumulated: two violations of his probationary conditions and an arrest and subsequent criminal prosecution on charges of a similar nature. As the subsequent arrest remains in the pre-trial stage, the Court does not consider the new matter in determining whether to revoke his probation in the instant case. Rather, the Court can factually determine that Defendant's violations for failing to, at a minimum, report to probation once a month and for failing to complete his intake and assessment at the Client Services and Family Counseling Division, in addition to all these violations actually occurred after reviewing the Court's record of events. For instance, the Defendant was ordered to report to Probation once a month in person, or as ordered by that office. *See* Judgment. Nevertheless, the Defendant failed

to comply with his reporting terms according to the affidavits by Probation Officers. Moreover, the Court allowed Defendant to receive credit at the rate of $10.00 per day for the time he was confined from October 13, 2023 to November 13, 2023, without which credit the Defendant would still have outstanding community service hours of 250 hours. Additionally, he has failed to make any payments on his court-ordered court costs of $80.00. Based on the violation reports, Probation's testimony at the Revocation Hearing, the Defendant's admissions to the violations, and the parties' arguments, the Court finds that the Defendant has violated multiple conditions of his probation on several occasions.

## B. The Defendant's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

The court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 G.C.A. § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam

reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Similar to the probationer in *Camacho*, the only conditions which he was mandated to complete were: (1) reporting monthly in person to Probation, (2) Defendant's assessment for treatment, and (3) court costs. The Defendant requested he be allowed additional time to complete the remaining terms of probation, citing the rehabilitative purpose of probation and the access to treatment through Probation Services. Def.'s Opp'n at 2–3. During the Revocation hearing, the People argued that the Defendant had been on probation for almost *three years* and had therefore had substantial opportunity to complete the remaining terms of his probation. *See* Revocation Hr'g Mins. at 10:30:45–10:31:51 A.M. Despite such a protracted time period, and credit given to him for the time he was held in DOC's custody towards the satisfaction of his community service requirements, Defendant repeatedly failed to satisfy the most basic requirement of his probation – to check in once a month in person.

Unless the Court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the Court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Here, the Defendant failed to report to Probation immediately upon his release from the Department of Corrections and at any time thereafter, demonstrating an unwillingness to comply with any probationary terms as soon as he was released from confinement. Furthermore, he failed to report to CSFC for a treatment assessment, which is a material condition of his release on the charge of Assault (as a Misdemeanor). While the Defendant argues that he is best positioned for rehabilitation outside the DOC, the Court has provided him with several opportunities to avail himself of Probation's

services, yet he has, time and time again, failed to even schedule his mandated intake. The Court therefore finds it to be in the public interest to revoke the Defendant's probation and impose the remainder of his custodial sentence pursuant to the Judgment.

Because the Defendant has inexcusably failed to comply with the terms of his probation, the Court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to revoke the Defendant's probation.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **ONE (1) YEAR** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's one-year sentence.

**SO ORDERED** this _June 23, 2026_ .

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & APD

6|23|26   4:49
Date        Time

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam